UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR JACKSON,

        Plaintiff,                          Hon. Janet T. Neff

v.                                         Case No. 1:13-CV-827

WILLIAM NELSON, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Wilkinson's Motion for Summary Judgment, (Dkt. #20); Defendant Burdette's Motion for Summary Judgment, (Dkt. #24); and Defendant Nelson's Motion for Summary Judgment, (Dkt. #27). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be **granted** and this matter **terminated**.

## BACKGROUND

Plaintiff initiated the present action on July 27, 2013,[1] against sixteen (16) individuals alleging various claims that his constitutional rights had been violated. On November 19, 2013, the Honorable Janet T. Neff dismissed all of Plaintiff's claims, save his denial of medical treatment claims asserted against Defendants Nelson, Wilkinson, and Burdette. Plaintiff's claims against Defendants Nelson, Wilkinson, and Burdette all concern events which occurred subsequent to Plaintiff's December

---

[1] The Court received and docketed Plaintiff's complaint on August 1, 2013, however, Plaintiff signed his complaint (and presumably submitted it for mailing) on July 27, 2013. (Dkt. #1). Thus, pursuant to the "prison mailbox rule," Plaintiff's complaint is deemed filed as of July 27, 2013. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing").

17, 2012, transfer to the Muskegon Correctional Facility (MCF). Defendants Nelson, Wilkinson, and Burdette now move for summary judgment on the ground that Plaintiff has failed to properly exhaust the claims against them.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of

the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth

Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

According to MDOC policy, "[t]he total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing by the Grievance Coordinator at Step I and/or Step II." Mich. Dep't. of Corr., Policy Directive 03.02.130 ¶ S (effective July 9, 2007). MDOC policy further provides that if prison officials fail to timely respond to a grievance, the inmate may proceed to the next step in the grievance process. *See* Mich. Dep't. of Corr., Policy Directive 03.02.130 ¶ T.

In support of their motion, Defendants have submitted evidence that since being transferred to MCF, Plaintiff has pursued thirty-two (32) grievances through all three steps of the prison grievance process. (Dkt. #21, Exhibit B at ID#252-59). Plaintiff has not challenged this evidence. For purposes of the present analysis, these various grievances can be placed into one of two categories: (1) grievances that were not pursued to completion prior to the initiation of the present action; and (2) grievances that were pursued to completion prior to the initiation of the present action.

**I.        Grievances Not Pursued to Completion Prior to Initiation of the Present Action**

As Defendants correctly assert, many of the grievances Plaintiff pursued following his transfer to MCF were not properly completed prior to the initiation of the present action. As the Sixth Circuit has made clear, such attempts at exhaustion are insufficient.

Where an inmate files a civil action in federal court before completing the available administrative processes, his complaint (or certain claims therein) must be dismissed for failure to properly exhaust administrative remedies. *See, e.g., Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed"); *Larkins v. Wilkinson*, 1998 WL 898870 at *2 (6th Cir.,

Dec. 17, 1998) (inmate's "attempt to exhaust his available administrative remedies only after filing suit in federal court ignores the clear mandate of § 1997e(a)"); *Hopkins v. Ohio Department of Corrections*, 84 Fed. Appx. 526, 527 (6th Cir., Dec. 4, 2003) ("[w]hen a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate" because "[e]xhaustion may not be completed after a federal complaint has been filed").

This does not mean, however, that simply because the response to a Step III grievance issues after the initiation of legal action that the grievance in question cannot serve to exhaust claims asserted therein. In circumstances in which a prisoner initiates legal action prior to receiving a response to his Step III grievance, but after the expiration of the aforementioned 120 day period, the Court has previously determined that such constitutes proper exhaustion of available administrative remedies. As the Court has observed, to conclude otherwise would permit MDOC officials to easily obtain the dismissal of *every* lawsuit filed by a prisoner who properly complies with the MDOC's grievance policies. MDOC officials would need only ignore every Step III grievance until after the expiration of the 120 day period and simply wait until the prisoner files a lawsuit. Once the prisoner files a lawsuit, MDOC officials could then issue a response to the Step III grievance and claim that the lawsuit must be dismissed because it was filed before the inmate completed the administrative process.

In sum, the administrative grievance process is not properly completed until the sooner of the following: (1) the prisoner receiving a response to his Step III grievance, or (2) the expiration of the 120-day grievance response period. The following twenty-five (25) grievances cannot serve to exhaust any of the claims asserted in the present action because Plaintiff initiated the present action, on

July 27, 2013, before receiving a Step III grievance response and before the expiration of the 120-day grievance response period:

1. MCF-13-07-1120-17z
2. MCF-13-07-1122-01z
3. MCF-13-07-1165-14e
4. MCF-13-07-1072-12z1
5. MCF-13-07-1073-12z
6. MCF-13-07-1051-12z4
7. MCF-13-07-1052-12z
8. MCF-13-07-1053-03z
9. MCF-13-06-1002-12z
10. MCF-13-06-0930-17z
11. MCF-13-06-0950-28d
12. MCF-13-05-0872-28a
13. MCF-13-06-0949-28e
14. MCF-13-06-0929-28a
15. MCF-13-06-0927-12f
16. MCF-13-06-0928-12f
17. MCF-13-06-1001-28a
18. MCF-13-05-0830-12z1
19. MCF-13-04-0720-12z
20. MCF-13-04-0721-12z
21. MCF-13-05-0870-12e4
22. MCF-13-05-0871-12e4
23. MCF-13-04-0723-12z
24. MCF-13-04-0654-12z
25. MCF-13-04-0722-12z

(Dkt. #21, Exhibit B).

To reiterate, when Plaintiff initiated the present action, the MDOC grievance process had not been completed as to any of the aforementioned grievances. Moreover, the fact that prison officials did not provide a response to any particular Step III grievance until after the expiration of the 120-day period is irrelevant. As the Sixth Circuit has made clear, whether the grievance process is properly completed after the initiation of legal action is irrelevant. Instead, the relevant question is whether the grievance process was properly completed at the moment legal action is initiated.

Plaintiff responds to Defendants' motion by asserting that because he was on modified grievance access from August 1, 2013, through November 1, 2013, his obligation to pursue all available administrative remedies was somehow excused. Whether Plaintiff was placed on modified grievance access subsequent to the initiation of this action is irrelevant. Plaintiff was required to properly exhaust his various claims prior to initiating this action on July 27, 2013. Thus, even if subsequently being placed on modified grievance status prevented Plaintiff from pursuing grievances, something Plaintiff has not established, such would nevertheless be irrelevant as it concerns the period of time after Plaintiff initiated the present action.

**II.        Grievances Pursued to Completion Prior to Initiation of the Present Action**

The remaining seven (7) grievances that Plaintiff pursued through all three steps of the prison grievance process following his transfer to MCF, likewise fail to exhaust any of Plaintiff's remaining claims against Defendants Wilkinson, Burdette, or Nelson. Specifically, the grievances in question are neither asserted against Defendants Wilkinson, Burdette, or Nelson nor concern Plaintiff's denial of medical treatment claims asserted against these Defendants. The seven (7) grievances in question are as follows:

1. MCF-13-02-0440-15z
2. MCF-13-02-0272-03h
3. MCF-13-02-0244-28a
4. MCF-13-01-0082-28e
5. MCF-13-02-0233-28a
6. MCF-13-01-0095-28c
7. MCF-13-01-0083-01z

(Dkt. #21, Exhibit B).

Again, Plaintiff's only response to Defendants' motions is that because he was on modified grievance access from August 1, 2013, through November 1, 2013, his obligation to pursue all available administrative remedies was somehow excused. As discussed above, this argument is without merit. The Court concludes, for the reasons discussed above, that Defendants have carried their burden of demonstrating that Plaintiff has failed to properly exhaust any of his remaining claims. Accordingly, the undersigned recommends that Defendants' motions be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Wilkinson's Motion for Summary Judgment, (Dkt. #20), be **granted**; Defendant Burdette's Motion for Summary Judgment, (Dkt. #24), be **granted**; Defendant Nelson's Motion for Summary Judgment, (Dkt. #27), be **granted**; and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  August 6, 2014       /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            United States Magistrate Judge