UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR JACKSON,

   Plaintiff,         Case No. 1:13-cv-827

v               HON. JANET T. NEFF

WILLIAM NELSON, et al.,

   Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. This Court previously dismissed Plaintiff's claims save his denial of medical treatment claims asserted against Defendants Nelson, Wilkinson, and Burdette. Defendants each moved for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies, and the matter was referred to the Magistrate Judge. On August 6, 2014, the Magistrate Judge issued a Report and Recommendation (R&R, Dkt 54), recommending that this Court grant the motions. The Magistrate Judge indicated that objections to the Report and Recommendation "must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice" and that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order" (*id.* at 9).

On August 25, 2014, Plaintiff filed a "Motion for Enlargement" (Dkt 56), seeking an unspecified extension of time to file a response to the Report and Recommendation. The Court granted the request "to the extent that Plaintiff will be given an extension of time, until September

1

12, 2014, to file his response, if any, to the Report and Recommendation" (Dkt 57). On September 17, 2014, Plaintiff filed twelve objections to the Report and Recommendation (Dkt 60). Plaintiff also filed a "Second Notice for Enlargement," seeking an unspecified extension of time "due to this plaintiff making some objections but failing to raise others" (Dkt 62). Defendants did not file a response to Plaintiff's objections or motion.

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies the motion for a second extension of time, and issues this Opinion and Order.

## I. Plaintiff's Objections

The Magistrate Judge examined evidence of thirty-two grievances that Plaintiff pursued through all three steps of the prison grievance process and concluded that Defendants carried their burden of demonstrating that Plaintiff has failed to properly exhaust any of his remaining claims in this case (R&R, Dkt 54 at 5, 9). The Magistrate Judge found that the majority of the grievances could not serve to exhaust any of the claims asserted in the present action because Plaintiff initiated the present action on July 27, 2013, before receiving a Step III grievance response and before the expiration of the 120-day grievance response period (*id.* at 6-7). The Magistrate Judge found that the remaining grievances either were not asserted against Defendants Wilkinson, Burdette, or Nelson or did not concern Plaintiff's denial of medical treatment claims against these Defendants (*id.* at 8). Last, given that Plaintiff initiated the present action on July 27, 2013, the Magistrate Judge rejected as "legally irrelevant" Plaintiff's argument that his obligation to pursue all available administrative

remedies was somehow excused because he was on modified grievance access from August 1, 2013, through November 1, 2013 (R&R, Dkt 54 at 8).

Plaintiff makes twelve objections to the Report and Recommendation, the majority of which are one-sentence objections. First, Plaintiff argues that the Magistrate Judge erred in failing to give him an opportunity to amend his complaint (Objs., Dkt 60 at 1). However, Plaintiff did not move to amend his complaint and does not, even in his objections, indicate how he proposes to amend his complaint to cure the exhaustion deficiencies. Therefore, Plaintiff's Objection I is denied.

Next, Plaintiff argues that the Magistrate Judge "failed to acknowledge the facts [sic] that I did not mail my civil complaint until I had been placed on 'Modified Grievance Status'" (Objs., Dkt 60 at 1). However, as the Magistrate Judge explained, "even if subsequently being placed on modified grievance status prevented Plaintiff from pursuing grievances, something Plaintiff has not established, such would nevertheless be irrelevant as it concerns the period of time after Plaintiff initiated the present action" (R&R, Dkt 54 at 8). Therefore, Plaintiff's Objection II is denied.

Next, Plaintiff asserts that there are "genuine issues of material fact as to whether state inmate exhausted his administrative remedies and whether prison officials prevented inmate from filing grievances and exhausting his administrative remedies" (Objs., Dkt 60 at 2, citing *Surles v. Andison*, 678 F.3d 452 (6th Cir. 2012)). Plaintiff's mere quotation of the editor's head note from *Surles* does not serve to point the Court to any issues of material fact precluding summary judgment in this case, nor does the quotation serve to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections," as required by this Court's local rules. *See* W.D. Mich. LCivR 72.3(b). Therefore, Plaintiff's Objection III is denied.

Next, citing *Lawrence v. Goord*, 238 F.3d 182 (2d Cir. 2001), Plaintiff points out that "[t]his plaintiff/inmate objected to the defendants' dispute of material fact existing as to whether defendants and other MDOC employees prevented this prisoner from filing grievances and exhausting his administrative remedies" (Objs., Dkt 60 at 2).  In *Lawrence,* the Second Circuit Court of Appeals held that "inmates need not exhaust their administrative remedies before bringing suit for particularized instances of retaliation." *Id.* at 186.  However, the United States Supreme Court vacated the Second Circuit's decision in light of its decision in *Porter v. Nussle*, 534 U.S. 516, 532 (2002), where the Supreme Court held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  535 U.S. 901 (2002).  Therefore, Plaintiff's Objection IV is denied.

Next, Plaintiff argues that "the record/complaint shows genuine issue of material fact as to this inmate being subjected to imminent danger via subjective recklessness" (Objs., Dkt 60 at 2-3).  However, as the Magistrate Judge explained, "a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies" (R&R, Dkt 54 at 4, citing *Porter*, 534 U.S. at 524).  Plaintiff's argument fails to demonstrate any factual or legal error by the Magistrate Judge in deciding, as a threshold matter, that Plaintiff has failed to properly exhaust his remaining claims in this case.  Therefore, Plaintiff's Objection V is denied.

Next, Plaintiff argues the Grievance Coordinator violated relevant policy in "refusing to file, delaying the process and retaliatory [sic] subjecting this inmate to 'Grievance Restriction'" (Objs., Dkt 60 at 3).  Again, the exhaustion requirement applies to all inmate suits about prison life, including alleged instances of retaliation, *Porter*, 534 U.S. at 532, and the Magistrate Judge

expressly rejected as "legally irrelevant" Plaintiff's argument that his obligation to pursue all available administrative remedies was somehow excused because he was on modified grievance access (R&R, Dkt 54 at 8).  Plaintiff's Objection VI is therefore denied.

Next, Plaintiff asserts that he filed "grievances to address and expose Defendants' corruptional [sic] cruel and retaliatory acts or omissions," "a complaint with the State Police," and "complaints to the Ombudsman Keith Barber" (Objs., Dkt 60 at 3).  Plaintiff does not address the purported import of these filings or identify the portions of the Report and Recommendation to which these "objections" are made or the bases for such objections, *see* W.D. Mich. LCivR 72.3(b), and the Court declines to speculate or piece together an argument for Plaintiff.  *See InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989) ("A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."); *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 n.5 (6th Cir. 1992) (collecting cases).  Plaintiff's Objections VII, VIII and IX are denied.

Next, Plaintiff contends that the Magistrate Judge "consented with the defendants, even in the face of 'imminent danger' and 'the fear of death' and 'pain and suffering' ... while disregarding plaintiff's affidavit of grievances" (Objs., Dkt 60 at 4).  Plaintiff's contention fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.  As for the apparent charge of bias, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  *See, e.g., Traficant v. C.I.R.*, 884 F.2d 258, 267 (6th Cir. 1989) (holding that the plaintiff failed to demonstrate bias where the plaintiff

pointed to episodes that were "nothing more than the Judge's rulings against Traficant on the merits"). Therefore, Plaintiff's Objection X is denied.

Next, Plaintiff argues that the Magistrate Judge "mistakenly disregarded the law" regarding the date on which his complaint is deemed filed (Objs., Dkt 60 at 4). Plaintiff's argument is unavailing. The Magistrate Judge expressly noted that while the Court received and docketed Plaintiff's complaint on August 1, 2013, "Plaintiff signed his complaint (and presumably submitted it for mailing) on July 27, 2013" (R&R, Dkt 54 at 1 n.1). Thus, the Magistrate Judge concluded that Plaintiff's complaint was deemed filed as of July 27, 2013 (*id.,* citing *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (stating the "prison mailbox rule")). Plaintiff's Objection XI is therefore denied.

Last, Plaintiff opines that "[t]he issues raised supported a continual aiding and abet [sic] of the claims raised in 2:13-cv-17 exhausted per retaliations, cruelty, deliberate indifferent [sic], imminent danger, loss of blood and possibly cancer" (Objs., Dkt 60 at 4). Plaintiff's reference to a case he filed last November does not serve to identify the portions of the Report and Recommendation in this case to which his objection is made or the basis for such objection. *See* W.D. Mich. LCivR 72.3(b). Therefore, Plaintiff's Objection XII is denied.

In sum, Plaintiff's twelve objections fail to demonstrate that a disposition different from the Magistrate Judge's recommendation is warranted.

## II. Plaintiff's "Second Notice for Enlargement"

This Court may, in its discretion and upon a showing of "good cause," extend the time for a party to file objections. *See* FED. R. CIV. P. 6; *Chandler v. Jackson*, 132 F.3d 32 (6th Cir. 1997). As noted, this Court granted Plaintiff's first request for an extension of time and extended the deadline for filing objections. This is Plaintiff's second request for an additional unspecified amount

of time to supplement the twelve objections he filed.  Plaintiff does not indicate the substance of his proposed additional objections.  Moreover, Plaintiff has failed to explain or identify any reason why he was precluded from filing all of his objections to the Report and Recommendation on the deadline previously extended by the Court.  Indeed, his ability to file the present twelve objections to the Magistrate Judge's Report and Recommendation belies the presence of any obstacle that prevented him from filing all of his objections at one time.  In short, having considered Plaintiff's request and the circumstances of this case, the Court discerns no good cause for an additional delay and therefore denies Plaintiff's "Second Notice for Enlargement."  *See, e.g., Erby v. Nobles*, 932 F.2d 967, at *1 (6th Cir. 1991) (holding the district court did not abuse its discretion in denying the plaintiff's motion for an extension of time where the plaintiff "did not even attempt to show cause").

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Because this Opinion and Order resolves the last pending claim in this case, the Court will enter a Judgment.  *See* FED. R. CIV. P. 58.  This action was filed *in forma pauperis*, and this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of the Judgment would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).  Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt 60) are DENIED, Plaintiff's "Second Notice for Enlargement" (Dkt 62) is DENIED, and the Report and Recommendation (Dkt 54) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Wilkinson's Motion for Summary Judgment (Dkt 20) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Burdette's Motion for Summary Judgment (Dkt 24) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Nelson's Motion for Summary Judgment (Dkt 27) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: September 30, 2014                     /s/ Janet T. Neff
                                          JANET T. NEFF
                                          United States District Judge

8